# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DONALD PAYNE, JR., | Civil Action No. 12 – 1585 |
| Plaintiff, | |
| v. | Chief Magistrate Judge Lisa Pupo Lenihan |
| STEVEN J. CMAR and JOHN R. WALTON, | |
| Defendants. | |

## MEMORANDUM ORDER

On June 24, 2013, this Court ordered Plaintiff to show cause why this case should not be dismissed for his failure to file an amended complaint as directed by the Court in its order dated March 21, 2013. Plaintiff was warned that the failure to file his amended complaint by July 8, 2013, or otherwise show cause, would result in the dismissal of this action for his failure to prosecute. As of the date of this Order, Plaintiff has neither filed an amended complaint nor shown cause why this case should not be dismissed.

A district court has inherent power to dismiss a complaint, *sua sponte*, under Federal Rule of Civil Procedure 41(b) for a plaintiff's failure to comply with an order of court. Adams v. Trustees of New Jersey Brewery Employees' Pension Trust Fund, 29 F.3d 863, 871 (3d Cir. 1994) ("The Supreme Court affirmed, stating that a court could dismiss *sua sponte* under Rule 41(b)."); Guyer v. Beard, 907 F.2d 1424, 1429 (3d Cir. 1990). Furthermore, a court's decision to dismiss for failure to prosecute is committed to the court's sound discretion. *See* Collinsgru v. Palmyra Bd. of Educ., 161 F.3d 225, 230 (3d Cir. 1998) ("We review for abuse of discretion a

district court's dismissal for failure to prosecute pursuant to Rule 41(b)."), *abrogated on other grounds by* Winkelman ex rel. Winkelman v. Parma City School Dist., 550 U.S. 516 (2007). In exercising that discretion, a district court should, to the extent applicable, consider the six factors identified in Poulis v. State Farm Fire and Casualty Co., 747 F.2d 868 (3d Cir. 1984), when it levies the sanction of dismissal of an action for failure to obey discovery schedules, failure to prosecute, or to comply with other procedural rules. Harris v. City of Phila., 47 F.3d 1311, 1330 n.18 (3d Cir. 1995).

In Poulis, the Third Circuit Court of Appeals set forth the following six factors to be weighed in considering whether dismissal is proper:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

Id. at 868 (emphasis omitted). These factors must be balanced in determining whether dismissal is an appropriate sanction, although not all need to weigh in favor of dismissal before dismissal is warranted. Hicks v. Feeney, 850 F.2d 152 (3d Cir. 1988). Consideration of these factors follows.

1. The extent of the party's personal responsibility.

Plaintiff is proceeding in this matter *pro se*. There is no indication that he failed to receive this Court's order dated March 21, 2013, directing him to file an amended complaint, or the order dated June 24, 2013, directing him to show cause why this case should not be dismissed for his failure to do so. The responsibility for his failure to comply is Plaintiff's alone.

2. Prejudice to the adversary.

In Poulis, prejudice was found to exist where the adversary was required to prepare and file motions to compel answers to interrogatories. In this case, Defendants have prepared only one motion and that was to seek an order directing Plaintiff to file an amended complaint or to extend the time to file a responsive pleading.

3. A history of dilatoriness.

Apart from failing to comply with the Court's order to file an amended complaint, and its order to show cause, Plaintiff does not have a history of dilatoriness. However, Plaintiff's failure to comply with these two orders is sufficient evidence, in the Court's view, to indicate that he does not intend to proceed with this case.

4. Whether the party's conduct was willful or in bad faith.

There is no indication on the record that Plaintiff's failure was the result of any excusable neglect. Thus, the conclusion that his failure is willful is inescapable.

5. Alternative sanctions.

Plaintiff is proceeding *pro se* and *in forma pauperis*. Thus, it is likely that any sanction imposing costs or fees upon him would be ineffective.

6. Meritorious of the claim or defense.

The Court is unable to evaluate the merits of Plaintiff's claims because he did not file an amended complaint as he was directed.

Four of the six Poulis factors weigh in favor of dismissal. Moreover, it appears as though Plaintiff has been released from incarceration and no longer desires to proceed with this case. Accordingly, this action will be dismissed for Plaintiff's failure to follow the Court's orders to file an amended complaint, or otherwise show cause why this case should not be dismissed.

**AND NOW**, this 2nd day of August, 2013;

**IT IS HEREBY ORDERED** that this case is dismissed without prejudice pursuant to Federal Rule of Civil Procedure 41(b).

**AND IT IS FURTHER ORDERED** that the Clerk of Court is directed to mark this case **CLOSED**.

By the Court:

/s/ Lisa P. Lenihan
Lisa P. Lenihan
Chief United States Magistrate Judge

cc: Donald Payne, Jr.
 311 Baker Street
 Clairton, PA 15025